IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DORRELL R. COULTHRUST,**

      Petitioner,

vs.                                                                                   Civ. No. 06-984 MCA/ACT

**WALT WELLS,**

      Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court pursuant to 28 U.S.C. § 2241. Petitioner ("Coulthrust") filed a "Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C.A. § 2241" ("Petition") on October 11, 2006. Docket No. 1. On October 16, 2006, the District Judge referred this matter for proposed findings and recommended disposition, and hearing if necessary. Docket No. 3. Having reviewed the pleadings and relevant law, and being otherwise fully advised, the Court finds that the Petition should be denied.

**PROPOSED FINDINGS**

Factual and procedural background.

      1.      On April 2003, an immigration judge ordered Coulthrust deported to Barbados. *Coulthrust v. Attorney General of the United States*, 177 Fed. Appx. 234 (3rd Cir. 2006), *cert. denied* 2006 WL 2235119. Coulthrust filed a petition for review of an order of the Board of Immigration Appeals denying his motion to reopen his immigration proceedings. *Id*. at *1. In denying his petition, the Third Circuit wrote:

1

      Coulthrust argued in his motion to reopen that he has requested records through Freedom of Information Act requests but the Department of Homeland Security has not yet provided those records. However, Coulthrust does not describe these records or explain how they would prove that he is a United States national or undermine the BIA's conclusion that he is an aggravated felon subject to deportation.
*Id.*

2.     Coulthrust is presently incarcerated Cibola County Correctional Center which is within the jurisdiction of the U.S. District Court for the District of New Mexico.

Legal Analysis.

3.     The record before the Court is scant; however, it is sufficient to find that this Court does not have jurisdiction.

4.     On May 11, 2005, the President signed into law H.R. 1268, an "Act Making Emergency Supplemental Appropriations for Defense, the Global War on Terror, and Tsunami Relief, for the fiscal year ending September 30, 2005." Pub.L.No. 109-13, 119 Stat. 231 (May 11, 2005) ("the Act"). Part of this legislation is known as the "Real ID Act of 2005" (formerly H.R. 419). The Act removes jurisdiction of the district courts to review an final order of removal as a result of being convicted of an aggravated felony:

> ...no court shall have jurisdiction to review a final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(III), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.
> Real ID Act, § 106; 8 U.S.C. 1252(a)(2)(C).

5.     Coulthrust does not dispute that he was convicted of an aggravated felony. Petition at 2-3. As Coulthrust's removal is based on a conviction of an aggravated felony, the Court does not have jurisdiction to review this final order. Real ID Act, § 106, 8 U.S.C. 1252(a)(2)(C).

6.     Furthermore, Coulthrust does not argue he is a citizen or a national of the United

2

States. *Id*. at 24. Coulthrust states he is a citizen of a foreign state and a native of Barbados. *Id*. at 1 and 21. Coulthrust appears to argue that he is a citizen of New York and as a citizen of New York the final order of removal is unconstitutional or without basis. As Coulthrust is not making a colorable claim that he is a citizen or national of the United States, there is no basis to transfer his petition to the Third Circuit Court of Appeals. *Salazar v. Ashcroft*, 116 Fed. Appx. 167, *1 n.1. (10th Cir. 2004) ("The exclusive means of asserting...a nationality claim is to file a petition for review with the court of appeals for the judicial district in which the immigration judge completed the proceedings...")

## RECOMMENDED DISPOSITION

I recommend that Coulthrust's §2241 Petition be denied and this action be dismissed with prejudice.

Timely objections to the forgoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and Recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and Recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the proposed findings and Recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**